ORIGINAL

FILED
APR 22 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

04- 711C

---------------------------------------------------------------------X
DAFNA CONSTRUCTION CO., LTD.,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.
---------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Dafna Construction Co., Ltd. ("Dafna"), as and for its complaint herein, alleges as follows:

**NATURE OF THE CASE**

1. This case involves claims of wrongful, arbitrary, abuse of discretion and bad faith conduct, breach of contract, breach of covenant of good faith and fair dealing, *quantum meruit* and unjust enrichment against the United States of America ("the United States" ), acting by and through the U.S. Department of Veterans Affairs ("VA"), following the award of a contract to Dafna for the renovation of the Research Building at the Bronx VA Medical Center in the Bronx, New York ("the Project").

2. In this action Dafna seeks money damages, including performance costs, interest, costs and attorney's fees, as well as an extension of time to complete its work as a result of VA's wrongful conduct detailed herein.

**PARTIES**

3. Dafna is a corporation organized and existing under the laws of the State of New York with its principal place of business at 126 Lombardy Street, Brooklyn, New York 11222.

Dafna is engaged in the business of general contracting, primarily public works and commercial construction.

4. VA is an executive department and executive agency of the government of the United States. 5 U.S.C. §101; 38 U.S.C. §301; 41 U.S.C. §601(2).

5. The United States bears ultimate responsibility for the acts and omissions of its establishments and agencies, including liability for the procurement acts and omissions of VA.

**JURISDICTION**

6. This Court has jurisdiction over this matter by virtue of the Tucker Act, 28 U.S.C. §1491, and the Contract Disputes Act of 1978, 41 U.S.C. §§601 et seq.

**BACKGROUND FACTS**

7. On or about August 31, 2000 VA awarded Contract No. V10N3C-119 to Dafna in the amount of $3,103,035.00 ("the Contract").

8. On or about September 15, 2000 Dafna accepted the award.

9. A Pre-Construction Meeting was held on or about February 5, 2001, at which time VA issued a Notice to Proceed to Dafna, directing it to begin work within 10 days.

10. Dafna proceeded to perform the work called for by the Contract, including extra and additional work, and completed same.

11. There is a balance due and owing to Dafna of $126,300.00, after the deduction of certain allowances claimed by the VA, which VA has failed and refused to pay despite demand therefor by Dafna.

12. On or about January 21, 2004 Dafna submitted a claim to the Contracting Officers demanding payment of the balance due and owing to Dafna. That claim was certified by Dafna on February17, 2004.

13. The Contract Disputes Act of 1978, 41 U.S.C. §605, provides that a Contracting

Officer shall, within 60 days of receipt of a submitted certified claim over $100,000.00, issue a decision or notify the contractor of the time within which a decision will be issued. The decision shall be issued within a reasonable time, in accordance with regulations promulgated by the agency, taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor. A failure by the Contracting Officer to issue a decision on a contract claim within the time required will be deemed to be a decision by the Contracting Officer denying the claim and will authorize the commencement of the appeal or suit on the claim, as otherwise provided in the CDA.

14. The failure of the Contracting Officers to issue a decision on the claim of Dafna is a violation of the statutory provisions recited above. For these reasons, the failure to issue a decision is deemed to be a wrongful denial of the claim.

**COUNT ONE**

15. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" to "14," as if same were set forth in full herein.

16. VA wrongfully, arbitrarily, in abuse of discretion and in bad faith failed and refused to pay Dafna and denied Dafna's claim.

17. Due to the improper, arbitrary, abuse of discretion and bad faith conduct of VA, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $126,300.00, plus costs and reasonable attorney's fees.

18. Pursuant to 41 U.S.C. §611, Dafna is also entitled to interest on the amount of damages from the date the Contracting Officers received Dafna's certified claims, namely, on or about February 21, 2004 at the rate established by the Secretary of the Treasury.

**COUNT TWO**

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth above

in paragraphs "1" through "18," as if same were set forth in full herein.

20. VA's failure and refusal to pay Dafna and its rejection of Dafna's claim was a breach of the Contract.

21. Dafna fully performed all of the terms and conditions of the Contract, and all conditions precedent to recover for breach thereof have been complied with by Dafna.

22. As a direct and proximate result of the foregoing breaches of Contract by VA, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $126,300.00, plus costs, interest and reasonable attorney's fees.

**COUNT THREE**

23. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "22," as if same were set forth in full herein.

24. VA was obligated by common law and implied contract to act in good faith and to deal with Dafna fairly.

25. VA breached such obligations to Dafna by acting in an unlawful, improper, arbitrary and capricious and bad faith manner, by virtue of its failure and refusal to pay Dafna and its rejection of Dafna's claim.

26. As a direct and proximate result of the material breaches of obligations by VA, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $126,300.00, plus costs, interest and reasonable attorney's fees.

**COUNT FOUR**

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "26," as if same were set forth in full herein.

28. The fair and reasonable value of the Project work, labor and materials supplied by Dafna at the specific instances and requests of VA for which Dafna has not received payment is

to be proven at the time of trial but is not less than $126,300.00, which is due and owing to Dafna, plus costs, interest and attorney's fees.

**COUNT FIVE**

29. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "28," as if same were set forth in full herein.

30. As a result of the work, labor and materials supplied by Dafna to construct the Project, VA has been unjustly enriched in an amount to be determined at the time of trial but not less than $126,300.00, plus costs, interest and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Dafna Construction Co., Ltd. prays that this Court enter judgment in its favor and award money damages against the United States of America on the first, second, third, fourth and fifth counts herein in an amount to be determined at the time of trial but not less than $126,300.00, plus an award to plaintiff for interest and its costs, disbursements and reasonable attorney's fees, and for such other and further relief as this Court may deem just and proper.

Dated: April 21, 2004

GOETZ FITZPATRICK LLP

By: [signature]
Carl A. Haberbusch (CH- 0774)
Attorneys for Plaintiff
One Penn Plaza, Suite 4401
New York, New York 10119
Telephone - (212) 695-8100
Facsimile - (212) 629-4013

W:\CHaberbusch\Dafna\Veterans Affairs\pleadings\Complaint.wpd