IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-711C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations in paragraph 2 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations in paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no response

is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations in paragraph 6 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations in paragraph 7 to the extent supported by contract number V10N3C-119, which is the best evidence of its contents; otherwise denies the allegations in paragraph 7.

8. Admits the allegations in paragraph 8 to the extent supported by the Government's acceptance letter to plaintiff dated August 31, 2000, and signed by plaintiff on September 15, 2000, which is the best evidence of its contents; otherwise denies the allegations in paragraph 8.

9. Admits the allegations in paragraph 9 to the extent that a meeting was held on February 5, 2001, and to the extent supported by the Government's "Notice to Proceed" letter to plaintiff dated February 5, 2001, which is the best evidence of its contents; otherwise denies the allegations in paragraph 9.

10. Denies.

11. The allegations in paragraph 11 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations in paragraph 12 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations in paragraph 12 to the extent supported by plaintiff's letter to the Government dated January 21, 2004, and plaintiff's letter to the Government dated February 17, 2004, which are the best evidence of their contents; otherwise denies the allegations in paragraph 12.

13. The allegations in paragraph 13 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations to the extent support by the Contract Disputes Act, 41 U.S.C. § 605, which statute is the best evidence of its contents; otherwise denies the allegations in paragraph 13.

14. The allegations in paragraph 14 are conclusions of law and plaintiff's characterization of its case to which no response

is required; to the extent they may be deemed allegations of fact, they are denied.

15. Defendant incorporates by reference the foregoing responses.

16. The allegations in paragraph 16 are conclusions of law and plaintiff's characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations in paragraph 17 are conclusions of law and plaintiff's characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations in paragraph 18 are conclusions of law and plaintiff's characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant incorporates by reference the foregoing responses.

20. The allegations in paragraph 20 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations in paragraph 21 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations in paragraph 22 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Defendant incorporates by reference the foregoing responses.

24. The allegations in paragraph 24 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations in paragraph 25 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations in paragraph 26 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. Defendant incorporates by reference the foregoing responses.

28. The allegations in paragraph 28 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendant incorporates by reference the foregoing responses.

30. The allegations in paragraph 30 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies that plaintiff is entitled to the relief requested in the "Prayer for Relief" following paragraph 30, or to any relief whatsoever.

32. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ KATHRYN A. BLEECKER
KATHRYN A. BLEECKER
Assistant Director

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
KENNETH B. MACKENZIE
Attorney
Office of General Counsel
Department of Veterans Affairs
Washington, D.C. 20420
Tele: (202) 273-8612
Fax: (202) 273-9384

August 5, 2004

CERTIFICATE OF FILING

I hereby certify that on August 5, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK